CAUSE NO. D-1-GN-08-000166

| | | |
|---|---|---|
| ALICIA CHAVEZ, | § | IN THE DISTRICT COURT OF |
| *Plaintiff*, | § § § | |
| V. | § § | TRAVIS COUNTY, TEXAS |
| JACK IN THE BOX INC., | § § | |
| *Defendant.* | § § | 250TH JUDICIAL DISTRICT |

## NOTICE TO THE STATE COURT OF REMOVAL

Please take notice that, in accordance with federal law, *e.g.*, 28 U.S.C. §§ 1441 and 1446, this case has been removed to the United States District Court for the Western District of Texas, Austin Division. A copy of the *Notice of Removal* is attached. In accordance with the removal statutes, upon removal a State court loses jurisdiction and shall proceed no further with the case. In accordance with the federal removal statute, please forward the court's file to the United States District Court for the Western District of Texas, Austin Division.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.
Suite 1500, Austin Centre
701 Brazos
Austin, Texas 78701
Telephone: (512) 708-8200
Telecopy: (512) 708-8777

By: 
ERIC J. HANSUM
State Bar No. 24027225

**ATTORNEYS FOR DEFENDANT
JACK IN THE BOX INC.**

Page 1
Doc ID HANSE-1091897
09999-999



## CERTIFICATE OF SERVICE

By my signature below, I hereby certify that a true and correct copy of the foregoing Notice to State Court of Removal has been delivered to Plaintiff's counsel by certified mail, return receipt requested, on this 19th day of February 2008, as follows:

Paul Schorn
Attorney at Law
103 E. San Antonio
Lockhart, TX  78644

_____
Eric J. Hansum

Case:D-1-GN-08-000166 with (4) documents

| Filed Date | Category | Description | Additional Info |
|---|---|---|---|
| | | Judges Notes/Comments | |
| 1/14/2008 | PET-PL | ORIGINAL PETITION/APPLICATION | PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURES |
| 1/28/2008 | SRVPRO... | EXE SERVICE OF CITATION | JACK IN THE BOX, INC. |
| 2/15/2008 | ANS-RES... | ORIGINAL ANSWER | DEFENDANT'S ORIGINAL ANSWER |

Cause No. D-1-GN-08-000166

| | | |
|---|---|---|
| ALICIA CHAVEZ, | § | FILED IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| vs. | § | 250 JUDICIAL DISTRICT, |
| | § | |
| JACK IN THE BOX, INC., | § | |
| Defendant | § | TRAVIS COUNTY, TEXAS |

Filed in The District Court of Travis County, Texas
JAN 1 4 2008
At 12:00 P.M.
Amalia Rodriguez-Mendoza, Clerk

## PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURES

Plaintiff, ALICIA CHAVEZ, files this petition and would show the Court as follows:

### The Parties

1. Plaintiff, ALICIA CHAVEZ ("Plaintiff"), an individual, is a resident of Travis County, Texas.

2. Defendant, JACK IN THE BOX, INC. (hereinafter "Jack in the Box"), is a foreign corporation, organized and existing under the laws of the State of Delaware. Its registered agent for service is CT Corporation System, 350 N. St. Paul St., Dallas, TX 75201.

### Jurisdiction

3. The Court has jurisdiction over Defendant because Defendant has done business in and has continuing contacts with Texas, and because the cause of action arose in Texas, and because Defendant is amenable to service by a Texas Court. The Court has jurisdiction over the controversy because the damages are within the jurisdictional limits of the Court.

### Venue

4. Venue is proper in Travis County, Texas. Specifically, venue is permissive in this county because the acts giving rise to this suit occurred in Travis County.

### Discovery Control Plan

1



5. Plaintiff intends to conduct discovery under Level 2. TEX. R. CIV. P. 190.3.

Facts

6. Plaintiff, Alicia Chavez, was born on November 26, 1957, and is 50 years old. She was hired by Defendant to work as a Cook at the corporate-owned Jack in the Box restaurant at 110 E. William Cannon Dr., Austin, Travis County, Texas, in 1997. She performed her job extraordinarily well over the next nine years, receiving ever-increasing responsibilities, numerous pay increases, and countless statements from supervisors regarding her excellent job performance. She was never the subject of any disciplinary action.

7. On or about October 16, 2006, Plaintiff's Manager, Mr. Juan Cardona, left Defendant's employment. Plaintiff had worked for Mr. Cardona for approximately 3-4 years, and he was well aware of Plaintiff's excellent abilities, work attitude, and employment record with Defendant. Defendant's choice to replace Mr. Cardona was a woman known to Plaintiff only as "Ms. Lupe." (first name presumably Lupe; last name unknown though possibly Vasquez). A new Assistant Manager was also named for the store, Ms. Justine Natal. As is consistent with the prevalence of young employees in the fast food industry, it is Plaintiff's understanding that both Ms. Lupe and Ms. Natal were under 40 years of age.

8. One of the first times Plaintiff met Ms. Lupe, she said to Plaintiff and a co-worker named Claudia (last name unknown), "So, is this your last week?" Plaintiff and Claudia were the two oldest employees at the restaurant. Neither Plaintiff nor Claudia had given any indication that they were contemplating leaving Defendant's employment, and Ms. Lupe's comment was a clear indication of hostility. After Plaintiff indicated that there must be some mistake, that she had no intention of leaving the company, Ms. Lupe treated her in a conspicuously dismissive manner, rarely observing her work and speaking to her on only a very

2

small handful of occasions over the next few days.

9.  On or about October 28, 2006, Ms. Lupe called Plaintiff into her office. She began speaking to Plaintiff in a demeaning tone of voice, mocking her inability to speak fluent English, snickering at her and speaking in an exaggeratedly slow manner. Ms. Lupe told Plaintiff that she was running the store now, and she didn't want any older people working there. Ms. Lupe used the Spanish word *"vieja"* in this context, referring specifically to older women. Ms. Lupe then took out a document and told Plaintiff she had written on it that she was firing Plaintiff because she was not doing her job and that Plaintiff had gotten mad at her when Ms. Lupe had asked for something. Ms. Lupe demanded that Plaintiff sign the form, but she refused because these statements were false. Plaintiff also asked if she could be transferred rather than fired, but Ms. Lupe refused to consider this option without explanation. Plaintiff then asked to speak with Defendant's Area Manager, Andres (last name unknown); however, Ms. Lupe told Plaintiff she would not allow this because she did not want to bother him. Plaintiff begged Ms. Lupe to reconsider, explaining that she still had two children at home and bills to pay and that her husband worked construction and that his income was not reliable (especially during the upcoming winter months). Ms. Lupe responded by stating, "That's not my problem." Plaintiff's termination occurred approximately *twelve (12) days* after Ms. Lupe became her manager, and less than twelve (12) days after Ms. Lupe began exhibiting hostility toward the store's two oldest employees. At the time of her termination, Plaintiff was the store's oldest employee. It is Plaintiff's understanding that she was replaced with a much younger employee.

10. Ms. Lupe's claim that Plaintiff "wasn't doing her job" is false. Plaintiff had never been subjected to any disciplinary action for any reason and had performed the job in an excellent manner for nearly a decade, an extremely long tenure in the fast-food industry. The

3

only aspect of the kitchen's operation that was arguably substandard at the time of Plaintiff's termination was occasionally the average food preparation time; however, this time was the result of work of a team of four people, not just Plaintiff. Of this team, Plaintiff was the only person fired. Defendant's decision to fire Plaintiff without first issuing her a written reprimand and providing her with an opportunity to cure any alleged problems with her job performance also violated Defendant's progressive discipline policy.

11. Defendant's termination of Plaintiff caused her tremendous emotional shock (especially after nine years of loyal service) and financial hardship. She was unable to find a comparable job until April, 2007, which resulted in her family suffering extreme economic stress through the Thanksgiving and Christmas Holidays and into the Spring (including several family celebrations, such as her daughter's birthday and her wedding anniversary). Plaintiff received many late notices and even threats of legal action on debts in the mail. When her young son's allergies worsened, Plaintiff had difficulty finding money to pay for treatment and worried that she might not be able to provide the care he needed. Plaintiff was forced to borrow money from her adult daughters and friends to make payments on family's truck and home (which was deeply embarrassing), and worried often about losing both to repossession or foreclosure. When Plaintiff's daughter needed money to take the SAT college entrance test, and to attend her senior prom, she was forced to sell some of her clothing to raise the funds. In December, Plaintiff desperately wanted to visit her father in Mexico, who was very sick, but could not afford the trip. He died a short time later, without Plaintiff having been able to see him. These financial hardships caused Plaintiff great worry and anxiety, and a growing sense of hopelessness and depression. Although Plaintiff is a United States resident, she feared that her lack of employment might also jeopardize her ability to remain in the United States (especially given the highly-

emotional discussion of immigration reform so prevalent in 1997), which fear raised the possibility that Plaintiff might even be separated from her children. When Plaintiff found a job, it was as a Stocker at a Target store from 10 p.m. until 6 a.m. Although the hourly pay at Target was comparable to that of Defendant, her new position involved no overtime, in contrast to the up to five hours of overtime per week she had been able to work while employed by Defendant. The new "graveyard" hours at Target often conflicted with Plaintiff's obligations toward her children, the youngest of whom was nine years old at the time, which instilled in Plaintiff a feeling that she was failing her children and her family. This nighttime work also disrupted her sleep pattern and caused Plaintiff to suffer severe insomnia, which further exacerbated her depression. Stress also caused Plaintiff to suffer high blood pressure, severe headaches, back pain, diarrhea, nausea and lack of appetite, and the loss of approximately 25 pounds.

12. Plaintiff timely filed an administrative charge of discrimination with the City of Austin Equal Employment/Fair Housing Office ("EEFHO"). After an extensive investigation under a work-sharing agreement with the EEOC, the EEFHO determined that *Plaintiff "was discriminated against on the basis of her age."* Plaintiff subsequently received authority to file this suit from both the EEOC and the Civil Rights Division of the Texas Workforce Commission, files this suit in a timely manner, and has in all ways fulfilled the administrative prerequisites to bringing this suit.

### Cause of Action: Age Discrimination

13. The actions of Defendant described above (and incorporated herein by reference) constitute age discrimination, in violation of the Texas Commission on Human Rights Act, Section 21.051 *et seq.* of the Texas Labor Code, because a motivating factor in Defendant's discriminatory treatment of Plaintiff was her age.

5

### Vicarious Liability

14. Defendant is responsible for the acts and/or omissions of it supervisors, including but not limited to Lupe (last name unknown though possibly Vasquez), under the theory of *respondeat superior*, apparent/ostensible agency, and/or agency by estoppel as those concepts are understood under Texas Law.

### Damages

15. As a proximate result of Defendant's actions, Plaintiff suffered the following damages:

   a. loss of back pay (wages and employment benefits); and

   b. compensatory damages (including future pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life).

Because Plaintiff's damages result from malice or *reckless indifference* to her state-protected rights, she is also entitled to punitive damages pursuant to Section 21.2585 of the Texas Labor Code. Plaintiff's damages are within the jurisdictional limits of this Court.

### Conditions Precedent

16. All conditions precedent have been performed or have occurred as required by Rule 54 of the Texas Rules of Civil Procedure.

### Jury Demand

17. Plaintiff demands a jury trial and tenders the appropriate fee.

### Request for Disclosure

18. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to disclose, within 50 days of service of this request, the information or material described in Rule 194.2 of the Texas Rules of Civil Procedure.

6

Prayer

19. For these reasons, Plaintiff asks that Defendant be cited to appear and answer, and on final trial, that Plaintiff have judgment against Defendant for:

a. actual damages within the jurisdictional limits of the Court;

b. pre-judgment and post-judgment interest as allowed by law;

c. costs of suit;

d. exemplary damages;

e. reinstatement of Plaintiff to his former position and pay;

f. injunctive relief;

g. reasonable attorney fees; and

h. all other relief the Court deems appropriate.

Respectfully submitted,

PAUL SCHORN
State Bar No. 17807070
103 E. San Antonio
Lockhart, TX 78644
(512) 376-3200
FAX (512) 376-3202

ATTORNEY FOR PLAINTIFF,
ALICIA CHAVEZ

CAUSE NO. D-1-GN-08-000166

| | | |
|---|---|---|
| ALICIA CHAVEZ, | § | IN THE DISTRICT COURT |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| JACK IN THE BOX INC., | § | |
| | § | |
| DEFENDANT. | § | 250TH JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Jack in the Box Inc., Defendant, and files this its original answer, and would respectfully show unto the Court the following:

### I. ANSWER

Defendant files an answer pursuant to Rule 92 of the *Texas Rules of Civil Procedure*, and generally denies the allegations of Plaintiff's Original Petition and demands strict proof thereof in accordance with the laws of the United States and the State of Texas.

### II. CONCLUSION AND PRAYER

WHEREFORE, Defendant prays that Plaintiff recover nothing of and from Defendant; that Defendant receive all costs of Court and such other and further relief, either at law or in equity, to which Defendant may be justly entitled.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.
Suite 1500, Austin Centre
701 Brazos
Austin, Texas 78701
Telephone: (512) 708-8200
Telecopy:  (512) 708-8777

By: _____
    ERIC J. HANSUM
    State Bar No. 24027225

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

By my signature below, I hereby certify that a true and correct copy of the foregoing has been delivered to all counsel of record via certified mail, return receipt requested, on this 15th day of February, 2008.

**Attorney for Plaintiff**
Paul Schorn
Attorney at Law
103 E. San Antonio
Lockhart, Texas 78644

_____
Eric J. Hansum

# CITATION
## THE STATE OF TEXAS
### CAUSE NO. D-1-GN-08-000166

ALICIA CHAVEZ , Plaintiff

   vs.

JACK IN THE BOX, INC. , Defendant

TO: JACK IN THE BOX, INC.
    BY SERVING ITS REGISTERED AGENT, CT CORPORATION SYSTEM
    350 NORTH ST. PAUL STREET
    DALLAS, TEXAS 75201

Filed in The District Court
of Travis County, Texas
JAN 2 8 2008
At _____
Amalia Rodriguez-Mendoza, Clerk

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the ORIGINAL PETITION AND REQUESTS FOR DISCLOSURES of the <u>PLAINTIFF</u> in the above styled and numbered cause, which was filed on <u>JANUARY 14, 2008</u> in the <u>250TH JUDICIAL DISTRICT COURT</u> of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, <u>January 14, 2008</u>.

REQUESTED BY:
PAUL SCHORN
103 E. SAN ANTONIO
LOCKHART, TX 78644
BUSINESS PHONE:(512)376-3200   FAX:(512)376-3202

AMALIA RODRIGUEZ-MENDOZA
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, Texas 78701



By_____
BRIAN HILL, Deputy

--------------- R E T U R N ---------------

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and executed at _____ within the County of _____ on the _____ day of _____, _____, at _____ o'clock ____M., by delivering to the within named _____, each in person, a true copy of this citation together with the accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____, _____.

_____
Notary Public, THE STATE OF TEXAS

D-1-GN-08-000166
☐ Original   ☐ Service Copy

_____
Sheriff / Constable / Authorized Person

By:_____

_____
Printed Name of Server

_____ County, Texas

SERVICE FEE NOT PAID

001 - 24602

RECEIVED
ASSURED
Civil Process Agency

CAUSE NO.     D-1-GN-08-000166

# RETURN

Came to hand:   01/15/2008  , at    11:00   o'clock   A.M.

- Citation
- Plaintiff's Original Petition and Request for Disclosure
- Jury Demand

Executed on:   01/22/2008

Executed at:   350 NORTH ST. PAUL ST, DALLAS, TX 75201
County of:     DALLAS

By delivering to **JACK IN THE BOX, INC., by delivering to its registered agent, CT CORPORATION SYSTEM**, by Certified Mail, a true copy of the above specified civil process having first endorsed on such copy the date of mailing. Return receipt with signature thereon is attached hereto.

I am over the age of 18, not a party to nor interested in the outcome of the above numbered suit.

_Jerry Melber_
Authorized Person: Jerry Melber SCH874
ASSURED CIVIL PROCESS AGENCY
600 Sabine St., # 100, Austin, TX 78701

STATE OF TEXAS   }

## VERIFICATION

Before me, a notary public, on this day personally appeared the above named Authorized person, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are true and correct. Given under my hand and seal of office on this the 25th day of January, 2008.

Notary Public Signature

Cause #

D-1-GN-08-000166

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by (Printed Name)    C. Date of Delivery<br>RECEIVED CT CORPORATION JAN 2 2 2008 |
| 1. Article Addressed to:<br><br>**JACK IN THE BOX, INC.**<br>**CT CORPORATION SYSTEM**<br>**350 NORTH ST. PAUL ST.**<br>**DALLAS, TX 75201** | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7007 1490 0002 7211 7350 |
| PS Form 3811, February 2004 | Domestic Return Receipt    102595-02-M-1540 |