IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
JUL 21 2008
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
         DEPUTY CLERK

| | |
|---|---|
| ALICIA CHAVEZ,<br>*Plaintiff,* | §<br>§<br>§ |
| V. | §<br>§  CIVIL ACTION NO. A:08-CA-124-SS |
| JACK IN THE BOX INC.,<br>*Defendant.* | §<br>§<br>§ |

### DEFENDANT'S FIRST AMENDED ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Jack in the Box Inc., Defendant, and files this its First Amended Original Answer to Plaintiff's Original Petition. Except as expressly admitted herein, the allegations of "Plaintiff's Original Petition" are denied.

### ANSWER

### I.

### THE PARTIES

1. Admitted.

2. Admitted.

### JURISDICTION

3. Defendant admits Plaintiff has brought this cause of action against Defendant and that Plaintiff purports to invoke this Court's jurisdiction, but Defendant denies any wrongdoing whatsoever and denies that Plaintiff is entitled to any relief. Defendant also denies the remainder of the allegations in Paragraph 3 of Plaintiff's "Petition."

### VENUE

4. Defendant admits venue is proper in Travis County, Texas. Defendant denies the remainder of the allegations in Paragraph 4 of Plaintiff's Petition.

Page 1
1369041v1
00520-216


EXHIBIT 1

## DISCOVERY CONTROL PLAN

5.   Defendant admits Plaintiff intended to conduct discovery under Level 2 when this case was in state court, but denies its applicability to federal court.

## PLAINTIFF'S ALLEGED FACTS

6.   Defendant admits Plaintiff is over 40 years old, started work in 1997, received several pay raises, and worked as, among other things, a Food Quality Specialist at the William Cannon store location in Austin, Texas. Defendant denies the remainder of the allegations in Paragraph 6 of Plaintiff's Petition.

7.   Defendant admits Ms. Vasquez took over the store where Plaintiff worked for Mr. Cardona in October of 2006. Defendant admits Ms. Vasquez was over 40 years old at the time she replaced Mr. Cardona and was close in age to the Plaintiff. Defendant also admits Ms. Justine Natal also helped at the store in question during the relevant time period. Defendant denies the remainder of the allegations in Paragraph 7 of Plaintiff's Petition.

8.   Denied.

9.   Defendant admits Plaintiff's last day of employment was on approximately October 28, 2006 and that a meeting was held with Plaintiff before her employment ended. Defendant also admits Plaintiff was presented with a document at that time, which Plaintiff refused to sign. Defendant also admits that Plaintiff's employment ended a short period of time after Ms. Vasquez took over for reasons that had nothing to do with Plaintiff's age. Defendant denies the remainder of the allegations in Paragraph 9 of Plaintiff's Petition.

10.   Denied.

11.   Denied.

12. Defendant admits Plaintiff filed a Charge of Discrimination with the City of Austin Equal Employment/Fair Housing Office, that this agency made a determination, and that Plaintiff received a right-to-sue notice. Defendant denies that the Austin Equal Employment/Fair Housing Office made a correct determination and further denies that its determination is relevant. Defendant also denies the remainder of the allegations in Paragraph 12 of Plaintiff's Petition and denies she is entitled to any relief whatsoever.

### ALLEGED CAUSE OF ACTION: AGE DISCRIMINATION

13. Denied. Defendant denies any wrongdoing whatsoever and further denies Plaintiff is entitled to any relief.

### ALLEGED VICARIOUS LIABILITY

14. Denied. Defendant denies any wrongdoing whatsoever and further denies Plaintiff is entitled to any relief.

### ALLEGED DAMAGES

15. Defendant denies Plaintiff is entitled to any relief whatsoever and denies all of the allegations in the Paragraph 19 of Plaintiff's Petition.

    a. Denied.

    b. Denied.

Defendant also denies the paragraph after subpoint b. regarding punitive damages especially since she is not entitled to any damages.

### CONDITIONS PRECEDENT

16. Denied.

### PLAINTIFF'S JURY DEMAND

17.  Defendant admits Plaintiff requests a trial by jury. Defendant denies the remainder of the allegations in Paragraph 17 of Plaintiff's Petition.

### REQUEST FOR DISCLOSURE

18.  Defendant admits Plaintiff requested disclosures under the *Texas Rules of Civil Procedure*. Defendant denies the remainder of the allegations in Paragraph 18 of Plaintiff's Petition.

### PRAYER

19.  Defendant denies Plaintiff is entitled to any relief whatsoever and denies all of the allegations in the Paragraph 19 of Plaintiff's Petition.

   a. Denied.

   b. Denied.

   c. Denied.

   d. Denied.

   e. Denied.

   f. Denied.

   g. Denied.

   h. Denied.

### II.
### SUBJECT TO DEFENDANT'S ANSWER, SPECIFIC DENIALS AND AFFIRMATIVE DEFENSES

Subject to Defendant's Answer, and pleading further, if the same be necessary, Defendant asserts the following specific denials and/or affirmative defenses.

1. In the alternative, and by way of affirmative defense, Defendant, still urging and relying on matters hereinabove alleged, further alleges that its actions were job-related, taken in good faith, based upon legitimate, non-discriminatory and/or reasonable business reasons, and/or justified by business necessity.

2. In the alternative, and by way of affirmative defense, Defendant, still urging and relying on matters hereinabove alleged, further assert that its actions were not motivated by Plaintiff's age and/or any other legally protected characteristics, and were not willful, intentional, reckless, nor made with malice.

3. In the alternative, and by way of affirmative defense, Defendant, still urging and relying on matters hereinabove alleged, further alleges that Plaintiff's claims, if any, are limited by applicable statutory damage caps, including but not limited to those in Section 21.2585 of the Texas Labor Code (*see also* 42 U.S.C. Section 1981a. of The Civil Rights Act of 1991).

4. In the alternative, and by way of affirmative defense, Defendant, still urging and relying on matters hereinabove alleged, further alleges that any recovery by Plaintiff of exemplary damages is unwarranted, and/or in the alternative is subject to the limitations of Section 41.001 *et seq.* of the *Texas Civil Practices & Remedies Code* and/or only upon a showing that Plaintiff is entitled to such exemplary damages by clear and convincing evidence. In the alternative, Defendant is entitled to a bifurcated trial on the issues of liability for and/or the amount of punitive damages, if any.

5. In the alternative, and by way of affirmative defense, Defendant, still urging and relying on matters hereinabove alleged, further alleges that in the event, and solely in the event, that liability is found to exist on the part of Defendant, or someone for whom Defendant may be held

legally responsible, all of which is at all times specifically denied by Defendant, that Plaintiff has failed to mitigate fully and properly her alleged damages, if any.

6. In the alternative, and by way of affirmative defense, Defendant, still urging and relying on matters hereinabove alleged, further alleges that Plaintiff's claims for damages are too speculative to form the basis of any recovery.

7. In the alternative, and by way of affirmative defense, Defendant, still urging and relying on matters hereinabove alleged, further alleges that Plaintiff failed to satisfy all conditions precedent to this action.

8. In the alternative, and by way of affirmative defense, Defendant, still urging and relying on matters hereinabove alleged, further alleges that Plaintiff's claims are barred by the doctrine of unclean hands and/or estoppel.

9. In the alternative, and by way of affirmative defense, Defendant, still urging and relying on matters hereinabove alleged, further allege that Defendant took reasonable care to prevent and to correct promptly any alleged discrimination/harassment, and/or that Plaintiff was contributorily negligent and/or failed to take action that would have prevented or lessened the alleged harm.

10. In the alternative, and by way of affirmative defense, Defendant, still urging and relying on matters hereinabove alleged, further alleges that Plaintiff's claims for damages must be offset and reduced by any and all amounts (including any insurance payments or other amounts received from individuals or companies) which Plaintiff earned or could have earned with due diligence.

11. In the alternative, and by way of affirmative defense, Defendant, while continuing to deny that any employment and/or other adverse decisions they made regarding Plaintiff were

motivated in whole or in part by Plaintiff's age and/or any other prohibited factors, Defendant alleges that Plaintiff is not entitled to all or part of the relief she is seeking because Defendant would have made the same employment and/or other decisions regarding Plaintiff irrespective of Plaintiff's age and/or any other prohibited factors, if any, alleged by Plaintiff.

12. In the alternative, and by way of affirmative defense, Defendant, still urging and relying on matters hereinabove alleged, further alleges that to the extent it is found responsible or liable, if at all, for any of the damages allegedly sustained by Plaintiff, that such damages be reduced or barred in accordance with the after acquired evidence rule and/or in accordance with *McKinnon v. Nashville Banner Publishing Co.*, 513 U.S. 352 (1995).

13. In the alternative, and by way of affirmative defense, Defendant, still urging and relying on matters hereinabove alleged, further alleges that reinstatement of Plaintiff is not feasible.

14. In the alternative, and by way of affirmative defense, Defendant, still urging and relying on matters hereinabove alleged, further alleges that Plaintiff's claims are barred by the doctrines of fraud and/or misrepresentation.

15. In the alternative, and by way of affirmative defense, Defendant, still urging and relying on matters hereinabove alleged, further alleges that Plaintiff engaged in misconduct for which Defendant could have denied and/or terminated Plaintiff's employment solely on that basis.

16. In the alternative, and by way of affirmative defense, Defendant, still urging and relying on matters hereinabove alleged, further alleges that Defendant prohibits discrimination and harassment, maintains a policy prohibiting discrimination and harassment, and maintains a complaint procedure and/or grievance procedure for employees to follow, and Plaintiff unreasonably failed to complain or to avail herself of the complaint procedure for some and/or all of her allegations, unreasonably failed to take advantage of any preventative or corrective

opportunity regarding some and/or all of her allegations, and/or unreasonably failed to take action to prevent, avoid and/or lessen the alleged harm for some and/or all of her allegations.

17. In the alternative, and by way of affirmative defense, Defendant, still urging and relying on matters hereinabove alleged, further alleges that Plaintiff's employment with Defendant was, at all times, at-will.

18. In the alternative, and by way of affirmative defense, Defendant, still urging and relying on matters hereinabove alleged, further alleges that Defendant's employment practices were not motivated by her age and/or other prohibited factors.

19. In the alternative, and by way of affirmative defense, Defendant, still urging and relying on matters hereinabove alleged, further allege that Defendant acted in good faith.

20. In the alternative, and by way of affirmative defense, Defendant, still urging and relying on matters hereinabove alleged, while also denying exemplary/punitive damages are recoverable against Defendant, further alleges that Plaintiff's claims for exemplary/punitive damages, if any, are unconstitutional under the due process clause of the Fourteenth Amendment to the United States Constitution and constitute an excessive penalty or fine in violation of the Eighth Amendment to the United States Constitution or other applicable provisions and furthermore violate the Due Course clause of the Texas Constitution or other applicable provisions. *See* TEX. CONST. art. 1, § 19. Defendant is entitled to a bifurcated trial on the issues of liability and/or the amount of punitive damages, if any.

## III.
## PRAYER

WHEREFORE, for all of the foregoing reasons, Defendant respectfully requests that Plaintiff take nothing by her lawsuit, that Plaintiff's claims be dismissed with prejudice and that Defendant be, in all things discharged, to go hence without day, and with recovery of its

attorney's fees, costs of suit, and such other and further relief, in law or equity, to which it may be justly entitled.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.
Suite 1500, Austin Centre
701 Brazos
Austin, Texas 78701
Telephone: (512) 708-8200
Telecopy: (512) 708-8777

By: _____
ERIC J. HANSUM
State Bar No. 24027225

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

By my signature below, I hereby certify that a true and correct copy of the foregoing has been delivered to all counsel of record via certified mail, return receipt requested, on this 15th day of July, 2008.

**Attorney for Plaintiff**
Paul Schorn
Attorney at Law
103 E. San Antonio
Lockhart, Texas 78644

_____
Eric J. Hansum